UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**ALFREDO ALTO BARRIOS**                        **CIVIL ACTION NO. 26-731-P**

**VERSUS**                                                    **JUDGE VAN HOOK**

**WARDEN, ET AL.**                                    **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause (Doc. 4) filed on behalf of Alfredo Alto Barrios ("Petitioner").  Petitioner is an immigration detainee at the Jackson Parish Correctional Center seeking release from detention or, in the alternative, an individualized bond hearing.  According to the habeas petition (Doc. 1), Petitioner is a national and citizen of Mexico who entered the United States without inspection in 2006. On February 9, 2026, Petitioner was detained by US Immigration and Customs Enforcement and sent to the Jackson Parish Correctional Center.  No bond was set. Petitioner has not requested a review of his custody by an immigration judge.

Petitioner argues that his unlawful detention is in violation of the Immigration and Nationality Act and implementing regulations.  He argues that his ongoing and potentially indefinite detention without an individualized custody determination violates the Due Process Clause of the Fifth Amendment.  He also reserves his argument that the panel in <u>Buenrostro-Mendez</u> erred in its statutory interpretation and is inconsistent with <u>Loper Bright Enterprises v. Raimondo</u>, 603 U.S. 369 (2024).  Petitioner argues that his

APA claim remains viable because DHS's 2025 policy reversal is arbitrary and capricious under 5 U.S.C. § 706(2)(A).  He also argues that <u>Buenrostro-Mendez</u> does not preclude his equal protection challenges, Suspension Clause claims, and <u>Accardi</u> doctrine claims.

In this Motion to Show Cause (Doc. 4), Petitioner asks the court to order Respondents to respond to his habeas petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations."  <u>Danforth v. Minnesota</u>, 552 U.S. 264, 278 (2008).  The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241.  <u>See</u> <u>Maniar v. Warden Pine Prairie Corr. Ctr.</u>, 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; <u>See also</u>, <u>Taylor v. Gusman</u>, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. <u>See</u> <u>Hickey v. Adler</u>, 2008 WL 3835764, (E.D. Cal. 2008); <u>Castillo v. Pratt</u>, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); <u>Wyant v. Edwards</u>, 952 F.Supp. 348 (S.D.W. Va. 1997).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion.  See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243).  Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation.  See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc.4) is **DENIED**.

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the habeas petition (Doc. 1) within **21 days** of the date of this Order.  Petitioner shall have **seven days** to reply.

**THE CLERK IS INSTRUCTED** to provide a copy of this Order to the Civil Chief in the United States Attorney's Office for the Western District of Louisiana and grant her access to the pleadings.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 27th day of March 2026.

Mark L. Hornsby
**U.S. Magistrate Judge**